# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

———————————————————————
                                )

Alonzo Edward Scurlock          )
                                )
           Plaintiff,       )
                                )
      v.                   )      Civil Action No. 10-01833 (ABJ)
                                )
Harley Lappin, *et al.*        )
                                )
           Defendants.    )
———————————————————————)

## MEMORANDUM OPINION

Plaintiff, Alonzo Scurlock, brings this action *pro se*, seeking damages for harms incurred while he was a prisoner at United States Penitentiary Lee in Jonesville, Virginia. He has named as defendants the Federal Bureau of Prisons ("BOP"), former director of the BOP Harley Lappin,[1] and BOP employees David Allred, Michael Chamlee, Noland Crowe, J.L. Norwood, Terry O'Brien, Dennis Peliter, Lt. Pitts,[2] David Roff, and Todd Sloop in their individual and official capacities. Plaintiff alleges that defendant Crowe assaulted and falsely imprisoned him and that the other defendants willfully ignored and/or enabled Crowe's conduct and conspired to deny plaintiff medical care and access to the courts. Compl. [Dkt. # 1] at 5–6.

---

1     Pursuant to Rule 25(d), current BOP Director Charles E. Samuels, Jr. is substituted for Lappin in his official capacity. Fed. R. Civ. P. 25(d).

2     In their motion to dismiss, defendants assert that SIS Lt. Pitts is now deceased. Defs.' Mot. to Dismiss ("Defs.' Mot.") [Dkt. # 16] at 1 n.1. Under Federal Rule of Civil Procedure 25(a), plaintiff is required to move to substitute within 90 days after receiving service of a statement noting the death. The Court construes defendants' assertion in the motion to dismiss, which was filed on August 14, 2011, as service of a statement noting the death which was properly served on plaintiff. Although plaintiff has not moved to substitute another party for Pitts, the Court will allow plaintiff time until August 31, 2012 to file a motion to substitute.

Defendants have moved to dismiss the action under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, 12(b)(2) for lack of personal jurisdiction, 12(b)(3) for improper venue, 12(b)(4) for insufficient process, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief may be granted. Defs.' Mot. at 1. The Court will grant in part defendants' motions to dismiss under Rule 12(b)(1), and it will exercise its discretion to transfer the remaining claims to the Western District of Virginia in order to cure defects in venue and because it finds transfer to be in the interest of justice. In light of the Court's decision to transfer, the Court does not reach the remaining motions to dismiss.

## I.    BACKGROUND

Plaintiff alleges that he arrived at United States Penitentiary ("USP") Lee on June 16, 2008, four days after undergoing surgery on his left shoulder. Compl. at 4–5. At the time of the alleged violations, all defendants worked at USP Lee except Norwood, who worked in Philadelphia as the Regional Director of the Northeast Region of the BOP, and Lappin, who worked in Washington, D.C. as the Director of the BOP. Compl. at 2–4; Defs.' Mot. at 20.

The complaint alleges that on June 23, 2008, "[defendant] Crowe viciously attacked Plaintiff Scurlock, ripping Plaintiff's surgical arm out of a sling and placing both arms in handcuffs and slamming Plaintiff down on the floor, face first." Compl. at 6. Crowe continued to "intimidate[], harass[], punish[] and sexually assault[] Plaintiff," causing "a wanton and unnecessary infliction of pain." *Id*. at 7–8. Plaintiff also claims that he was "false[ly] imprison[ed]" by Crowe for as long as forty-three minutes. *Id.* at 9, 16. In addition, plaintiff alleges that Crowe conspired with other named defendants to "reach[] an understanding and engage[] in a course of conduct, and otherwise jointly act[] and/or conspire[] among and between themselves to falsely imprison . . . to maliciously prosecute . . . and to intentionally inflict severe

2

emotional distress on Plaintiff." *Id.* at 9–10. Defendants also acted together to "deny[] [plaintiff] proper legal and medical care" that caused plaintiff to suffer for months. *Id.* at 11. This allegedly continued until plaintiff was transferred to Federal Corrections Institute ("FCI") Ashland, Kentucky on December 3, 2008. Scurlock Aff. [Dkt. # 1] ¶ 48. He has since been transferred to Federal Corrections Institute ("FCI") Fort Dix in New Jersey. *Id.* ¶ 50.

The complaint goes on to allege that defendants' actions were conducted pursuant to the "de facto policies, practices and/or customs of the Defendant Bureau of Prisons," which included "[c]onducting physically, psychologically or otherwise illegally or improperly coercive threats," "[f]iling . . . false reports and giving false statements and false information about said incident," and "fail[ing] to properly train, supervise, discipline, transfer, monitor, counsel and/or otherwise control rough prison guards." Compl. at 11–12. Plaintiff alleges that these policies were "specifically admitted to by prison guards." *Id.* at 13.

Plaintiff claims that as a result of these abuses, he "was injured and experienced and continues to experience severe emotional distress, including fear of being placed in harm's way, nightmares, sleep disruption, symptoms of Post Traumatic Stress Disorder, anxiety, depression and inability to focus or concentrate." *Id.* at 17.

Although the complaint does not contain enumerated claims, the Court construes it as alleging that defendants: (1) violated the First, Fourth, Fifth, Sixth, and Eighth Amendments of the United States Constitution (all defendants in their individual and official capacities); (2) engaged in a conspiracy to deny plaintiff's constitutional rights (all defendants in their individual and official capacities); (3) engaged in common-law false imprisonment (defendants Crowe, Pitts, Peliter, and Chamlee in their individual and official capacities); and (4) engaged in common-law assault (defendant Crowe in his individual and official capacity).

3

## II.    SUBJECT MATTER JURISDICTION

Defendants first argue that the BOP and the other defendants in their official capacities have not waived their sovereign immunity for plaintiff's constitutional tort and conspiracy claims, and that those claims should, therefore, be dismissed for lack of subject matter jurisdiction.[3]

### A.    Standard of Review

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibly Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002).  Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction.").  Because "subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement[,] . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'"  *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, a court "is not limited to the allegations of the complaint."  *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987).  Rather, a court "may consider such materials

---

3      Defendants also argue that the Court lacks subject matter jurisdiction over all of plaintiff's claims because plaintiff failed to exhaust his administrative remedies under the PLRA, and that the Court lacks subject matter jurisdiction over plaintiff's FTCA claims because they are time-barred.  Since the Court finds that the action should be transferred to the Western District of Virginia, it does not reach the exhaustion or limitations issues.

4

outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms.*, *Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

A *pro se* complaint is held to a less stringent standard than other complaints. *Curran v. Holder*, 626 F. Supp. 2d 30, 33 (D.D.C. 2009). However, "even a *pro se* plaintiff bears the burden of establishing that the Court has subject matter jurisdiction." *Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010) (internal quotation marks and citations omitted).

**B.      Analysis**

Plaintiff brings his claims against defendants both in their individual capacities and in their official capacities as federal employees. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Court lacks subject matter jurisdiction over claims against the United States unless it has waived sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("[T]he United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction."). A waiver of sovereign immunity "must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

1. Constitutional tort claim

Plaintiff's constitutional tort claim against the United States is a *Bivens*-style action seeking civil damages for violations of the Constitution by federal employees. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, "the

United States has not consented to be sued for monetary damages based on a constitutional violation or, in other words, for a '*Bivens*-type cause of action directly against a federal agency.'" *Mullen v. Bureau of Prisons*, -- F. Supp. 2d --, Civ. Action No. 10-1561, 2012 WL 540074, at *2 (D.D.C. 2012), quoting *Meyer*, 510 U.S. at 484. The Court will therefore grant defendants' motion to dismiss the constitutional tort claims against the BOP and the individual defendants in their official capacities for lack of subject matter jurisdiction.[4]

> 2. Conspiracy claim

Plaintiff appears to raise his conspiracy claim against the United States under 42 U.S.C. section 1985(3), which allows for civil damages where two or more individuals "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws[.]" 42 U.S.C. § 1985(3) (2006). However, "[section 1985(3)] does not waive the United States' sovereign immunity." *White v. United States*, 791 F. Supp. 2d 156, 161 (D.D.C 2011), quoting *Dye v. United States*, 516 F. Supp. 2d 61, 71 (D.D.C. 2007) (internal quotation marks omitted). Therefore, the Court will also dismiss plaintiff's conspiracy claim for lack of subject matter jurisdiction.

## III.  PERSONAL JURISDICTION

Defendants next argue that the Court lacks personal jurisdiction over all defendants in their individual capacities except for Lappin because those defendants do not have sufficient

---

[4]     Plaintiff's constitutional tort claims against defendants in their official capacities would fail even if the Court construed them as arising under 42 U.S.C. §§ 1981, 1983, 1985, or 1985. Section 1983 does not apply to federal actors, *Settles v. US Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005), and none of the remaining provisions waives the federal government's sovereign immunity, *see Mullen*, 2012 WL 540074, at *2.

6

contacts with the District of Columbia.[5]  Defs.' Mot. at 19–20.  They also argue that the Court

lacks venue over the tort claims against the United States.  *Id.* at 21–23.  The Court agrees.

However, rather than dismiss those claims, the Court finds it to be in the interest of justice to

transfer all of the remaining claims to the Western District of Virginia, where venue is proper.

## A.  Standard of Review

It is the plaintiff who bears the burden of establishing personal jurisdiction over each

defendant.  *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990).  In order to

survive a motion to dismiss for lack of personal jurisdiction, the "plaintiff must make a *prima*

*facie* showing of the pertinent jurisdictional facts."  *First Chi. Int'l v. United Exch. Co.*, 836 F.2d

1375, 1378 (D.C. Cir. 1988).  To establish that personal jurisdiction exists, the plaintiff must

allege specific acts connecting the defendant with the forum.  *In re Papst Licensing GMBH &*

*Co. KG Litig.*, 590 F. Supp. 2d 94, 97–98 (D.D.C. 2008), citing *Second Amendment Found. v.*

*U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001).  Plaintiff "cannot rely on

conclusory allegations" to establish personal jurisdiction.  *Atlantigas Corp. v. Nisource, Inc.*, 290

F. Supp. 2d 34, 42 (D.D.C. 2003).

"A court may consider material outside of the pleadings in ruling on a motion to dismiss

for lack of . . . personal jurisdiction[.]"  *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C.

2002).  However, "the plaintiff is not required to adduce evidence that meets the standards of

admissibility reserved for summary judgment and trial; rather, [he] may rest [his] arguments on

the pleadings, 'bolstered by such affidavits and other written materials as [he] can otherwise

---

5       Defendants concede that Lappin has sufficient ties to the District of Columbia for the
Court to exercise personal jurisdiction over him.  Defs.' Mot. at 20.  They also argue that the
Court lacks personal jurisdiction over all the individual defendants due to insufficient service of
process.  *Id.* at 17–19.  Since plaintiff is *pro se*, all defendants have entered appearances in this
case (and have together moved to dismiss), and the Court finds it to be in the interest of justice to
transfer this case to a more appropriate venue, the Court does not reach that issue.

obtain.'" *Urban Inst. v. FINCON Servs.*, 681 F. Supp. 2d 41, 44 (D.D.C. 2010), quoting *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005). Any factual discrepancies should be resolved in favor of the plaintiff. *Crane*, 894 F.2d at 456. But, the Court need not treat all of the plaintiff's jurisdictional allegations as true. *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000). "Instead, the court may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *In re Papst Licensing*, 590 F. Supp. 2d at 98 (internal quotation marks and citation omitted).

## B. Analysis

The only contacts that plaintiff identifies between the individual defendants (other than Lappin) and the District of Columbia are defendants' employment by a federal agency that is headquartered in the District.[6] Compl. at 3. A person's status as a government employee who works for an agency headquartered in Washington, D.C., however, does not constitute contacts sufficient to subject him to this Court's personal jurisdiction. *Ali v. District of Columbia*, 278 F.3d 1, 7 (D.C. Cir. 2002) (district court does not have personal jurisdiction over Virginia prison officials acting in their individual capacity); *Akers v. Watts*, 740 F. Supp. 2d 83, 92 (D.D.C. 2010) (court does not have personal jurisdiction over the BOP, FBI, and U.S. Marshals for violations that took place in Kansas); *Pollack v. Meese*, 737 F. Supp. 663, 666 (D.D.C. 1990) (court does not have personal jurisdiction over the warden of a federal prison in Missouri). Therefore, the Court lacks personal jurisdiction over defendants Norwood, O'Brien, Roff, Pitts, Swoop, Crowe, Peliter, Chamlee, and Allred in their individual capacities.

---

6       The alleged unlawful conduct took place at USP Lee, a penitentiary located in western Virginia. Compl. at 4. All defendants at issue appear to have worked at USP Lee at the time of the alleged violations except for Norwood, who as the Regional Director of the Northeast Region of the BOP worked in Philadelphia. *Id*. at 3. His alleged acts of participation in the offending conduct took place in Philadelphia, not the District of Columbia.

## IV.   VENUE

### A.  Standard of Review

In considering a motion for improper venue under Rule 12(b)(3), "the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."  *Pendleton v. Mukasy*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (internal quotation marks and citations omitted).

### B.  Analysis

Plaintiff asserts two tort claims against the United States here:   assault and false imprisonment.  The Federal Tort Claims Act ("FTCA") provides that any "tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."  28 U.S.C. § 1402(b) (2006).  Plaintiff, however, does not allege that he resides in the District of Columbia or that the acts complained of occurred in the District of Columbia.  As to plaintiff's residence, the D.C. Circuit has held that for venue purposes, a prisoner "resides" where he is incarcerated.  *In re Pope*, 580 F.2d 620 (D.C. Cir. 1978).  Plaintiff alleges that he is an inmate in Fort Dix, New Jersey, Scurlock Aff. ¶ 50, so, for the venue analysis, he resides in the District of New Jersey, not in the District of Columbia.[7]  As to the judicial district where the acts he complains of occurred, the assault and false imprisonment allegedly occurred at USP Lee in Jonesville, Virginia, Compl. at 4, which is located in the Western District of Virginia.  Therefore, venue in the District of Columbia for those two claims is improper.

---

[7]     Defendants assert that plaintiff has been released from prison and currently resides in Mississippi.  Regardless, plaintiff does not reside in the District of Columbia.

9

## V.    THE COURT'S DISCRETION TO TRANSFER

Although lack of personal jurisdiction and venue are sufficient reasons for the Court to dismiss claims, the Court is permitted to instead exercise its discretion to transfer those claims to an appropriate district.  28 U.S.C. § 1406(a) (2006) (providing district courts with authority to transfer on the grounds of improper venue); *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983) ("A court may transfer a case to another district even though it lacks personal jurisdiction over the defendants"); *see also Shipley v. Bureau of Prisons*, 729 F. Supp. 2d 272, 275 (D.D.C. 2010) (transferring case for lack of venue).  And even though this Court declines to find that it lacks personal jurisdiction or venue over the claims against defendant Lappin, it is permitted, "[f]or the convenience of parties and witnesses, in the interest of justice," to transfer those claims to another district "where they might have been brought."  28 U.S.C. § 1404(a) (2006).  The Court finds it appropriate here – where several claims are barred by improper venue, others by lack of personal jurisdiction, and still others are properly before this Court but based primarily on facts that took place elsewhere – to transfer the case to a district where venue is proper:  the Western District of Virginia.

The Court has "broad discretion to decide whether transfer from one jurisdiction to another is proper."  *Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 45 (D.D.C. 2006), citing *SEC v. Savoy Indus. Inc.*, 687 F.2d 1149, 1154 (D.C. Cir. 1978).  The decision to transfer is made by an "individualized, case-by-case consideration of convenience and fairness."  *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

Section 1404(a) permits transfer only to a district where the case "might have been brought," which requires consideration of the threshold question of whether the "transferee court [is] a place of proper venue."  *Spaeth v. Michigan State Univ. College of Law*, -- F. Supp. 2d --,

Case 7:12-cv-00322-NKM-RSB   Document 26   Filed 06/28/12   Page 10 of 12   Pageid#: 239

No. 11-1376 , 2012 WL 517162, at *6 (D.D.C. Feb. 17, 2012) (alteration in original), quoting *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983).  Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."  28 U.S.C. § 1391(b)(2).  In this case, venue is proper in the Western District of Virginia because defendants engaged in the conduct that led to plaintiff's alleged injury in that district.

In exercising its broad discretion once the threshold question has been established, the Court must balance case-specific factors that include both the private interests of the parties and public interests such as efficiency and fairness.  *See Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 12 (D.D.C. 2000).  The private-interest factors to be considered include:  (1) the plaintiff's choice of forum, unless the balance of convenience weighs strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996).  The public-interest factors include:  (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home.  *Id.*

While courts should give deference to a plaintiff's choice of forum, this deference is weakened if plaintiff is not a resident of the forum or if another "jurisdiction has the stronger factual nexus."  *Peter B. v. CIA*, 620 F. Supp. 2d 58, 66 (D.D.C. 2009), quoting *Miller v. Insulation Contractors, Inc.*, 608 F. Supp. 2d 97, 102 (D.D.C. 2009) (internal quotation marks omitted).  In this case, the events on which the claims are based took place at USP Lee, the alleged harm was inflicted there, and most of the witnesses and evidence reside there.

Furthermore, it is in the interest of justice to transfer all of plaintiff's claims to a court that has jurisdiction and venue to hear them, rather than to retain some of the claims in this Court and to transfer or dismiss others. Therefore, the Court finds that it would be "for the convenience of parties and witnesses [and] in the interest of justice" to transfer the remaining claims to the Western District of Virginia under 28 U.S.C. sections 1404(a) and 1406(a).[8]

## VI. CONCLUSION

For the foregoing reasons, the Court will grant defendants' motion to dismiss plaintiff's constitutional tort and conspiracy claims against defendant Bureau of Prisons and the other defendants in their official capacities for lack of subject matter jurisdiction under Rule 12(b)(1), and it will transfer the remaining claims to the United States District Court for the Western District of Virginia under 28 U.S.C. sections 1404(a) and 1406(a). A separate order will issue.

//s//
_____

AMY BERMAN JACKSON
United States District Judge

DATE: June 28, 2012

---

8       The Court will not reach the remaining arguments that defendants raise in their motion to dismiss.

12